**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0005414
09-FEB-2016
08:46 AM**

NO. CAAP-13-0005414

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

TREVOR B. JACKSON, Plaintiff-Appellant,
v.
CHRISTY L. JACKSON , Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-D NO. 10-1-0028)

SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Reifurth and Ginoza, JJ.)

Plaintiff-Appellant Trevor B. Jackson (Husband) appeals from an "Order Denying in Part and Granting in Part Plaintiff's Motion to Enforce Divorce Decree" filed September 27, 2013, and an "Order Denying Plaintiff's Motion to Reconsider Order Denying in Part and Granting in Part Plaintiff's Motion to Enforce Divorce Decree," filed on October 21, 2013 in the Family Court of the Third Circuit[1] (family court).

Husband contends the family court erred when it made conclusions of law regarding Defendant-Appellee Christy L. Jackson's (Wife) duties under the divorce decree.[2]

---

[1] The Honorable Anthony K. Bartholomew presided.

[2] Husband's Second Amended Opening Brief does not fully comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(7) despite an Order for Sanctions from this court detailing, *inter alia*, which portions of the

(continued...)

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, as well as relevant statutory and case law, we resolve Husband's point of error as follows and affirm.

On November 26, 2012, the family court entered a Divorce Decree. There was no appeal from the Divorce Decree. On May 7, 2013, Husband filed "Plaintiff's Motion to Enforce Divorce Decree" (Motion to Enforce). On September 27, 2013, the family court filed an "Order Denying in Part and Granting in Part Plaintiff's Motion to Enforce Divorce Decree." The family court granted Husband's "request for a judgment in the amount of any unpaid child support arising from [Wife's] obligation to pay child support until the parties' children attained the age of 18[.]" The family court denied all of Husband's remaining claims and Husband appeals with respect to several of these claims.

1. **Post-High School and Medical/Dental Expenses.** Husband contends that the family court erred when it did not require Wife to pay child support for the children beyond the age of eighteen and did not require Wife to reimburse Husband for half of the children's medical and dental expenses. Husband contends it would be unfair and inequitable for Husband to bear the expenses for post-high school education and medical and dental expenses alone.

Husband proposed, prior to the final Divorce Decree, to include provisions where Husband and Wife would share in the expenses of post-high school education and medical and dental expenses. However, because those terms were not agreed to in the original settlement agreement entered on the record on August 10,

---

[2](...continued)
argument section required citations to the record. This alone raises the potential for dismissal of the appeal and/or waiver of issues sought to be raised. Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995). However, because we seek to address cases on the merits where possible, we address Husband's arguments to the extent they are discernable. Id.

2

2010, the provisions regarding post-high school education and medical and dental expenses were not included in the final Divorce Decree. Husband did not appeal from the Divorce Decree. Thus, Husband's Motion to Enforce essentially requested that the family court modify the Divorce Decree to include the sharing of the costs of post-high school education and medical and dental expenses.

The family court has continuing authority to modify "its orders providing for the support, maintenance, and education of the children of the parties upon a showing of a change in the circumstances of either party . . . since the entry of any prior order relating to the support, maintenance, and education." Hawaii Revised Statutes (HRS) § 580-47(c) (2006). The party requesting modification must prove the alleged change in circumstances. DeMello v. DeMello, 87 Hawai'i 209, 213, 953 P.2d 968, 972 (App. 1988).

> A petition to modify an order for child support cannot be based on the same set of facts that were before the court when the original order was made. There must have been a substantial and material change in the relevant circumstances which were before the court when it made the original order.

Davis v. Davis, 3 Haw. App. 501, 505, 653 P.2d 1167, 1170 (1982).

In his Motion to Enforce, Husband asserted that he is entitled to reimbursement from Wife because Husband incurred expenses associated with post-high school education and medical and dental expenses. However, Husband did not offer any evidence as to how the circumstances at the time of his Motion to Enforce were materially different from when the family court entered the Divorce Decree.

Therefore, the family court did not abuse its discretion when it ordered Wife to only pay unpaid child support until the children attained the age of 18 and denied the claims for post-high school education and medical and dental expenses.

**2. Mortgage, Car Insurance, and Gas Card Payments.** Husband contends that the family court erred when it denied his Motion to Enforce regarding mortgage, car insurance, and gas card

payments. Husband contends that he is entitled to be reimbursed because Wife violated the terms of the August 10, 2010 settlement agreement.

The Divorce Decree provides that until Husband disburses funds to Wife from his deferred compensation plan, Wife "shall be entitled to occupy the marital residence." In addition, Husband "shall be responsible for maintaining the mortgage on the marital residence." Similarly, under the Divorce Decree, Husband was required to maintain Wife's car insurance and pay Wife's gas card until funds were disbursed from the deferred compensation plan.

Regarding the mortgage payments, in his declaration in support of his Motion to Enforce, filed May 7, 2013, Husband stated that from September 2010 to the time of the Motion to Enforce, he had paid $21,545.70 in mortgage payments. As a result, Husband requested that the family court order Wife to reimburse Husband $21,545.70 for mortgage payments for the period of September 2010 through May 2013.

The record indicates that Husband withdrew the money owed to Wife ($11,852.96) from the deferred compensation plan on April 15, 2013. The record does not indicate what date if any Wife received the money. However, even if Wife had received the payment on April 15, 2013 she would not have had to vacate the marital residence until May 15, 2013. Thus, at the time Husband filed the Motion to Enforce, on May 7, 2013, Wife was not in violation of the Divorce Decree. Based on the information before it at that time, the family court did not abuse its discretion when it denied Husband's Motion to Enforce with regard to the mortgage payments.[3]

Regarding the car insurance, in his declaration in support of the Motion to Enforce, Husband attested that he paid the car insurance through December 30, 2010. Because Husband did

---

[3] There is no transcript in the record on appeal as to the hearing on Husband's Motion to Enforce.

not provide evidence that he paid car insurance beyond April 15, 2013, when Husband withdrew the funds from his deferred compensation plan, the family court did not abuse its discretion when it denied Husband's Motion to Enforce with regard to the car insurance.

Regarding the gas card, Husband's declaration in support of his Motion to Enforce stated that he maintained Wife's gas card until June 20, 2011. Again, Husband did not establish that he paid for Wife's gas card after he withdrew Wife's share of the deferred compensation plan. Thus, the family court did not abuse its discretion when it denied Husband's Motion to Enforce with regard to the gas card.

**3. Water Bill.** Husband contends that the family court erred when it denied his Motion to Enforce with regard to payments made for the water bill at the marital residence.

Husband's declaration in support of his Motion to Enforce states that he paid the water bill for the duration that Wife occupied the marital residence and requested that the family court order Wife to reimburse Husband $868.26 for the water bill payments. The Divorce Decree does not address which party was responsible for payments of the water bill. Thus, there was nothing for the family court to enforce within the Divorce Decree, and the family court did not abuse its discretion in denying Husband's Motion to Enforce with regard to the water bill payments.

**4. Marital Debt.** Husband contends that the family court erred when it denied his Motion to Enforce regarding reimbursement of marital debt. Husband contends that equity would require Wife to pay for half of the marital debt.

The Divorce Decree states "[t]he parties shall equally divide all marital debt including credit card debt." In his declaration in support of the Motion to Enforce, Husband asserted that he paid a total of $14,944.47 to pay off the marital credit cards and thus requested that Wife pay to Husband half of what he paid in the amount of $7,472.23.

Attached to his Motion to Enforce, Husband submitted several different credit card statements with various balances. Although Husband asserts that he paid the credit card balances, the credit card statements do not show that they were fully paid or that Husband paid the amount that he claimed. Therefore, it was within the family court's discretion to deny Husband's Motion to Enforce regarding marital debt.

Therefore, IT IS HEREBY ORDERED that the "Order Denying in Part and Granting in Part Plaintiff's Motion to Enforce Divorce Decree" filed September 27, 2013 and the "Order Denying Plaintiff's Motion to Reconsider Order Denying in Part and Granting in Part Plaintiff's Motion to Enforce Divorce Decree," filed on October 21, 2013, in the Family Court of the Third Circuit, are affirmed.

DATED: Honolulu, Hawai'i, February 9, 2016.

On the brief:

Lionel M. Riley,
for Plaintiff-Appellant.

Chief Judge

Associate Judge

Associate Judge